CONNER, J.,
concurring.
Anytime legal analysis traces back to Blackstone and the foundations of Anglo-American law, one knows core legal values are being addressed. I write to further explain why I .cannot agree with the .reasoning of th& dissent, although the dissent makes very cogent arguments as to why Gamble and Noel should not control the outcome of this case.
The -premise of the dissent is that by enacting section 768.28, Florida Statutes, the legislature altered the “legislative grace” attribute of its monetary awards by making a judicial or administrative award a precondition for initiating the claims bill *356 process. The argument is that you can't even try to pass through the doors of the legislature until you successfully pass through the doors of the courthouse. Thus, the two processes are welded; this means the “act of grace” analysis has been “transcended” because tbe weld now raises the specter of “a chilling effect upon the sacrosanct and fundamental constitutional right to access to our eourts.”
The fly in the ointment regarding the dissent’s argument is the failure to recognize that seeking redress from the legislature is fundamentally different from seeking redress from the court. Every citizen has a fundamental right to seek redress from the court because that is a core function, of the judicial branch of government. There is no fundamental right to seek redress from the legislature because such is not a core function of that branch. Within the judicial branch, an injured party has a legal right to an award of damages if procedural and substantive law principles ■are successfully maneuvered. There is no similar right within the legislative branch.[6] The concept of “legislative grace” espoused by our supreme court in Gamble implicitly recognized the difference in core functions between the two branches of government. That recognition resulted in the rather forceful statement by the court in Gamble, that “[pjarties cannot enter intó a contract to bind the state in the exercise of its sovereign power.” Gamble, 450 So.2d at 853. Out- of respect for. the separation of powers between the two branches, even considering the statutory and legislative rule changes since Gamble, it is unlikely the court would rule .that the legislature’s ability to limit attorney’s fees payable out of a claims bill award is' unconstitutional because such power impacts access to the courts.
Therefore, I agree with the majority opinion that unless our supreme court changes course in its legal analysis regarding separation of powers^ arguments regarding impairment of contract, unconstitutional taking, denial of due process and equal protection and all variations on those themes are unpersuasive.

Affirmed.

. It is also significant that the successful outcome of redress through the courts is a judgment for damages, with no guarantee ■ that money will ever be paid to the claimant. The successful outcome of redress through the legislature is a sum of money received by the claimant.